**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **WILLIAM LEE BROTHERS, #1414416,**    ) | |
|           Petitioner,                  ) | |
|                                        ) | |
| v.                                     ) | 3:09-CV-0144-N |
|                                        ) | |
| **NATHANIEL QUARTERMAN, Director,**    ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
|           Respondent.                  ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Stringfellow Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Rosharon, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of Case: Petitioner pled guilty to aggravated sexual assault of a child under fourteen years of age in the 291st District Court of Dallas County, Texas. On January 9, 2007,

the trial court sentenced him to twenty-five years imprisonment. *State v. Brothers*, No. F05-36259-U.  Petitioner did not appeal.[1]

Subsequently, Petitioner filed two state habeas applications, pursuant to art. 11.07, Texas Code of Criminal Procedure -- challenging his conviction.  The first application was filed on March 20, 2007, and the second on July 28, 2008.  (Attachment I, for documents reflecting date of filing of art. 11.07 applications).  The Texas Court of Criminal Appeals (TCCA) denied the first application without written order on July 18, 2007, *see Ex parte Brothers*, WR-32-733-04, and dismissed the second application as successive on October 15, 2008, *see Ex parte Brothers*, WR-32,733-10.[2]

In his federal petition, filed on January 22, 2009, Petitioner raises six grounds for habeas relief:  (1) his judicial confession and plea bargain were illegally obtained as a result of counsel's threats in violation of his due process rights; (2-3) counsel rendered ineffective assistance when he failed to investigate and disclose evidence favorable to the defendant, and failed to preserve defendant's right to confront the alleged victim; (4) counsel's failure to investigate led to a conflict of interest between defendant and counsel; (5) counsel rendered ineffective assistance

---

[1] Contemporaneously with the above conviction, Petitioner pled guilty in five other cases to aggravated sexual assault of child, indecency with a child, failure to register as a sex offender, assault, and injury to a child.  *State v. Brothers*, Nos. F05-36260-U, F05-36261-U, F05-36241-U, F05-36242-U, and F05-36262-U.  Punishment was assessed at twenty-five years in the first case, twenty years in the second case, and ten years each in the remaining three cases.  *Id.*  Petitioner has not challenged these convictions in a federal habeas corpus proceeding.

[2] The docket sheets for Petitioner's art. 11.07 applications are available at the following internet addresses: http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=252968 and 262772.

when he failed to request a psychiatric examination of defendant; and (6) Petitioner's guilty plea was not knowing and intelligently made and is thus void.[3]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999; Rule 4 of the Rules Governing § 2254 proceedings (West 2009) (requiring a district court to dismiss a § 2254 petition when it plainly appears from the face of the petition and attached exhibits that the petitioner is not entitled to relief).

On January 27, 2009, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed his response on February 23, 2009, reiterating the substantive claims raised in his federal habeas petition along with a claim of factual innocence.

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an

---

[3] In his seventh ground, Petitioner contends the state habeas court failed to hold a hearing. Infirmities in state collateral proceedings do not present grounds for federal habeas corpus relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing *Trevino v Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992); *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984)).

For purposes of this recommendation, the federal petition is deemed filed on January 20, 2009, the date Petitioner certifies signing and placing it in the prison mailbox. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a direct appeal.  As a consequence, his conviction became final on February 8, 2007, thirty days after the judgment was entered.  *See* Tex. R. App. P. 26.2(a)(1); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).  The one-year period began to run on February 9, 2007, the day after his conviction became final.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).  As of March 20, 2007, the date on which Petitioner filed his first art. 11.07 application, 39 days of the one-year limitations period had elapsed.  The state application remained pending until July 18, 2007, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2).  *See also Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).  The one year-period resumed running on

July 19, 2007, and expired 326 days later on June 9, 2008, less than seven weeks before Petitioner filed his second art. 11.07 application on July 28, 2008. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after one-year period expired does not statutorily toll the limitations period). Therefore, the federal petition, deemed to have been filed on January 20, 2009, is clearly untimely absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

In response to the court's show cause order, Petitioner pleads factual innocence as a basis for this court to review his habeas petition despite the one-year statute of limitations. To the extent Petitioner asserts his factual innocence precludes the dismissal of his time barred § 2254 petition, his claim is meritless. The one-year limitations period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. Nor does a petitioner's innocence claim present "rare and exceptional" circumstances warranting equitable tolling, given that many prisoners maintain their innocence. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Moreover, Petitioner has not shown that he has reliable new evidence that establishes he is factually innocent of the underlying crime. *See Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851 (1995); *see also Bousley v. United States,* 523 U.S. 614, 118 S. Ct. 1604 (1998) (addressing

5

actual innocence claim in context of guilty plea). His response to the show cause order fails to describe any alleged newly discovered evidence. Petitioner merely relies on three affidavits dated October 21, 26 and 27, 2005, which preceded his November 4, 2005 indictment in his criminal case. (*See* Memorandum in Support at attachments A-C). The affidavits reiterate events leading to Petitioner's arrest and subsequent indictment. Petitioner's assertion that the affidavits establish that he was wrongfully prosecuted in Texas for incidents which allegedly occurred many years earlier in Arkansas, is patently frivolous and wholly unsubstantiated.

"To establish the requisite probability that he was actually innocent, the [petitioner] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

Petitioner's unsupported, conclusory assertion of newly discovered evidence, falls far short of showing that it is more likely than not that no reasonable juror would have convicted him in light of the alleged new evidence.

Nor does the conduct of his trial counsel – i.e., the alleged failure to investigate which forced Petitioner to file a formal complaint with the State Bar of Texas – justify equitable tolling. Since the conduct at issue clearly occurred before the date on which Petitioner's conviction became final, it is irrelevant for purposes of equitable tolling.

In addition, the record in this case does not support equitable tolling. Petitioner's own allegations reflect that he did not pursue the habeas "process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). He waited more than one-year after the

denial of his first state application before submitting his second application. After receiving notice of the dismissal of that application as successive, Petitioner waited an additional three months before filing the federal petition in this case.

Petitioner provides no explanation for his dilatory conduct. While he claims he was unaware of the affidavits, which are the basis for his factual innocence claim, until his family discovered them, he fails to provide any details about when the affidavits were allegedly discovered, or who in his family was responsible for making the discovery. Unexplained delays do not make the circumstances of a case extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

The party seeking equitable tolling bears the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of showing that equitable tolling is warranted, the District Court should in its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4 of the Rules Governing § 2254 proceedings (West 2009).

A copy of this recommendation will be mailed to Petitioner.

Signed this 17th day of April, 2009.

```
                        WM. F. SANDERSON, JR.
                        UNITED STATES MAGISTRATE JUDGE
```

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**